996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos LODOS, Defendant-Appellant.
 No. 90-5036.
 United States Court of Appeals, Fourth Circuit.
 June 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, CR-89-223-S; Frederic N. Smalkin, District Judge.
 James P. Ulwick, Kevin F. Arthur, Kramon & Graham, P.A., Baltimore, MD, for defendant-appellant.
 Richard D. Bennett, U.S. Atty., Katharine J. Armentrout, Asst. U.S. Atty., Baltimore, MD, for plaintiff-appellee.
 D.Md.
 AFFIRMED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Carlos Lodos appeals from his convictions for conspiracy to distribute, possession with the intent to distribute cocaine, and use of a telephone to facilitate a felony. See 21 U.S.C.A. § 846 (West Supp.1992) and 21 U.S.C.A. § 843(b) (West Supp.1992). He asserts on appeal that the evidence was insufficient to support his convictions, that the district court erred in allowing his co-conspirator to testify to incriminating statements made by Lodos which were not disclosed to him prior to trial, and in not allowing the jury to make a factual determination as to the quantity of drugs involved in the offense. We affirm.
 
 
 2
 * The trial testimony revealed that Lodos, Carlos Herrero, George Quintana, and Barry Clark all took part in a drug distribution enterprise between Florida and Maryland. Herrero transported the drugs from Florida to Maryland, where Clark would sell them. Lodos remained in Florida and ran the operation from there. Quintana remained in Maryland, kept in contact with Lodos and Herrero in Florida by phone, and wired the drug proceeds to Lodos from Maryland. Both Quintana and Clark testified for the government at trial. Lodos also testified and denied any involvement in the conspiracy, stating that he received wired money on Herrero's behalf because Herrero had no identification and allowed Herrero to use his phone number because Herrero did not have a phone. The jury found Lodos guilty.
 
 II
 
 3
 Lodos's first claim is that the evidence was insufficient to support his convictions. Sufficiency of the evidence claims are reviewed to determine whether, "any rational trier of fact could have found the essential elements of the crime [charged] beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979), "and requires us in applying the standard to construe the evidence in the light most favorable to the government, assuming its credibility, drawing all favorable inferences from it, and taking into account all the evidence, however adduced." United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). We do not weigh evidence or review credibility of witnesses in this determination. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 4
 We find that when viewed in the light most favorable to the government, the testimony of the government's witnesses, some of which were Lodos's co-conspirators, was sufficient to support his convictions. We decline to review their credibility. Therefore, we affirm his convictions.
 
 
 5
 Second, Lodos argues that the district court erred in admitting his incriminating statements made to co-conspirator Quintana after Quintana's arrest. Lodos contacted Quintana and told Quintana not to testify against him and to state that he only knew Lodo from the auto parts business. Because the government did not disclose the statements before trial in accordance with Fed.R.Crim.P. 16(a)(1)(A), Lodos claims reversible error. However, statements made by a defendant before trial are only required to be disclosed if they are made in response to interrogation. See United States v. Cooper, 800 F.2d 412, 416 (4th Cir.1986); see also Fed.R.Crim.P. 16(a)(1)(A). The district court found that Quintana was not a government agent at the time the statements were made and also found that there was no interrogation. These findings are not clearly erroneous, see Campbell v. United States, 373 U.S. 487, 493 (1963), and render Lodos's claim meritless.
 
 
 6
 Third, Lodos argues that the district court erred in refusing to let the jury make a factual determination about the amount of cocaine involved in the conspiracy. This Court has found that because the quantity of drugs involved in an offense "goes to the sentence rather than guilt, trial by jury as to that fact is not required." United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990). Thus, this claim is without merit.
 
 
 7
 Accordingly, we affirm Lodos's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.